### Inhabitants of Oakham *vs.* Inhabitants of Warwick.

A married woman does not acquire a settlement in a town by her husband's living on an estate of freehold therein three years successively, if during any portion of that time the town where they formerly lived supported her as a pauper in a lunatic hospital out of the Commonwealth.

Contract brought to recover for the support of the wife of I. M. Stevens as a pauper.

The following facts were agreed in the superior court: Stevens had his settlement in Warwick prior to March 1855, when he bought an estate of freehold in Rutland, Massachusetts, and lived upon the same for three years successively. His wife was in the lunatic hospital at Brattleboro, Vermont, from March 1853 to May 3d 1855. She was unable to support herself, and her husband was unable to support her at the time of her commitment to the hospital, and, application for her support being made to the defendants, they placed her at the hospital, and paid her expenses there during said period, except the sum of

about fifty dollars paid by the husband; the town paying so much of her expenses as accrued during the year 1855.

On these facts judgment was rendered for the defendants, and the plaintiffs appealed to this court.

*G. F. Hoar & F. P. Goulding,* for the plaintiffs, cited *Charlestown* v. *Groveland,* 15 Gray, 15; *Woodward* v. *Worcester,* Ib. 19, *n.; Worcester* v. *Auburn,* 4 Allen, 574, and cases cited; *Oakham* v. *Sutton,* 13 Met. 192.

*S. O. Lamb,* for the defendants. The payment of the wife's expenses at Brattleboro does not prevent the acquisition of a settlement by her husband in Rutland, in the mode provided by Rev. Sts. *c.* 45, § 1, *cl.* 4. That aid was not furnished according to law. Our statutes do not recognize expenses incurred by towns for the relief of poor persons out of this commonwealth. Rev. Sts. *c.* 48, § 8. *St.* 1841, *c.* 77. *Deerfield* v. *Greenfield,* 1 Gray, 514. *Cummington* v. *Wareham,* 9 Cush. 585. The statutes regulate the modes in which persons may gain settlements. If those modes are to be defeated by the proceedings of third persons, such proceedings must be according to law. Until the *St.* of 1841, towns had no authority to support poor persons in hospitals. And they have now no authority to support such persons in hospitals out of the state.

FOSTER, J. By the agreed facts in this case, it appears that the defendant town is liable for the support of the pauper, a married woman, whose husband once had a settlement in that town, unless that settlement has been lost by the husband's acquisition of a new one in the town of Rutland. He did acquire a settlement in Rutland in the fourth mode provided by Rev. Sts. *c.* 45, § 1, namely, by owning an estate of freehold and living on the same three years successively, unless prevented from doing so by the fact that, during the time necessary to make up the required period of three years' residence, his wife was committed to and supported in the lunatic hospital at Brattleboro, Vermont, by the defendants.

This court has held that a man cannot gain a settlement while his wife is supported by a town or by the state in one of the lunatic hospitals within this commonwealth. *Charles-*

*town* v. *Groveland*, 15 Gray, 15; *Woodward* v. *Worcester*, Ib 19, *n.*

And we are of opinion that the circumstance, that in the present case the support was furnished by the defendants out of the limits of this state, can make no difference in the result. It is the fact that a member of his family is receiving relief as a pauper, and not the place where or manner in which the relief is furnished, that disables a man from acquiring a settlement. If the defendants adopted a legal course in maintaining the wife at Brattleboro with her husband's consent, then she was as much a pauper supported by them as if actually kept in their own almshouse. If they have performed their legal obligation in an illegal manner, they ought not to derive any advantage from the illegality of their action. Warwick, as the town of the pauper's settlement, was bound to furnish her needed relief. This they have done in their own way; and, while they were doing so, her husband could gain no new settlement by his residence in Rutland. According to the agreement of the parties, the defendants are to be defaulted.